IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE RANDALL POWERS COMPANY, *Plaintiff* | § § § § § § § § § | SA-23-CV-01537-XR |
| -vs- | | |
| REYES AUTOMOTIVE GROUP II, LLC, *Defendant* | | |

**ORDER**

On this date, the Court considered Plaintiff The Randall Powers Company's motion for default judgment against Defendant Reyes Automotive Group II, LLC. ECF No. 10. After careful consideration, Plaintiff's motion (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

Plaintiff The Randall Powers Company filed a complaint against Defendant Reyes Automotive Group II, LLC alleging breach of contract. *See* ECF No. 1. Plaintiff alleges that Defendant owes Plaintiff $689,123.72. *Id.* ¶ 12. Plaintiff is a national consulting services provider specializing in business process improvements for manufacturing facilities. *Id.* ¶ 7. Plaintiff is a Georgia corporation with its principal place of business in Georgia. *Id.* Defendant is an automotive parts manufacturer organized and existing as a limited liability company ("LLC") under the laws of the state of Texas. *Id.* ¶ 3.

On May 26, 2023, Plaintiff and Defendant signed a Letter of Engagement and Discovery Proposal (hereinafter the "Agreement"). Under the Agreement, Plaintiff agreed to provide a review of Defendant's current systems and processes, evaluate them, and submit recommendations for improvement. *Id.* ¶ 9–10. In exchange, Defendant would pay Plaintiff a total of $1,282,200 for its

1

services to be paid in weekly installments. ECF No. 1-1 at 2. Plaintiff alleges Defendant breached the Agreement by ceasing its weekly installments three months in, and ultimately failed to pay an outstanding balance of $689,123.72. ECF No. 1 ¶ 12.

On December 19, 2023, Plaintiff filed the instant action, asserting a claim for breach of contract against Defendant in connection with the outstanding balance and seeking damages in the amount of $689,123.72. *See* ECF No. 1. Plaintiff asserts this Court's subject-matter jurisdiction is proper under diversity jurisdiction. *Id.* ¶ 5. Plaintiff served Defendant with process through a private process server on January 16, 2024, via Karla Maxinez, identified as Defendant's HR Manager in an Affidavit of Service. ECF No. 6, 10-1 at 2. Defendant has not filed an answer or other responsive pleading in this case. On February 13, 2024, Plaintiff filed a Request for Clerk's Entry of Default. ECF No. 7. The Clerk of Court entered default in this case on February 15, 2024. ECF No. 8. The same day, this Court entered an Order directing Plaintiff to file a motion for default judgment within 30 days. ECF No. 9.

On February 29, 2024, Plaintiff filed the instant motion for default judgment against Defendant. ECF No. 10.

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction,

liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). For the reasons stated below, this Court limits its examination in this case to subject-matter jurisdiction.

**II.    Analysis**

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Under 28 U.S.C § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The citizenship of an LLC depends on the citizenship of all its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). If the members or partners are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be

traced through however many layers of members or partners there may be. *Muslow Land & Timber, Inc v. Chesapeake Exploration Ltd. P'ship*, No. 09-cv-0211, 2009 WL 367729 (W.D. La. Feb. 11, 2009).

Here, Plaintiff seeks to invoke this Court's subject-matter jurisdiction based on diversity jurisdiction. ECF No. 1 ¶ 5. Because the amount in controversy requirement is clearly met, the Court turns to Plaintiff's citizenship allegations. To begin, Plaintiff alleges it is a Georgia corporation with its principal place of business located in Georgia. ECF No. 1 ¶ 2. Plaintiff is therefore a citizen of Georgia.

In contrast, Plaintiff alleges Defendant's citizenship on information and belief. *Id.* ¶ 3. This Court has held that jurisdictional allegations pled on information and belief can support a default judgment with respect to LLCs when (1) the citizenship of each member of the defendant LLC is a fact within that defendant's control, and (2) the plaintiff made a good-faith attempt to learn these facts pled on information and belief. *Bsg Clearing Solutions N. Am., LLC v. Durham Tech., LLC*, No. 17-CV-1097, 2018 WL 6219812, at *3 (W.D. Tex. Nov. 20, 2018). Indeed, courts are clear that "*conclusory* allegations based on information and belief" are insufficient to support a default judgment. *J & J Sports Prods. Inc. v. Daley*, 2007 WL 7135707, at *3–4 (E.D.N.Y. Feb. 15, 2007) (emphasis added).

Plaintiff's complaint includes a single statement that "upon information and belief, Reyes' members are all citizens of the State of Texas." *Id.* ¶ 4. However, Plaintiff provides no additional information detailing that it made a good-faith effort to determine the citizenship of Defendant's members in either its complaint or its motion for default judgment. *Id.*; ECF No. 20; *see BSG Clearing Solutions*, 2018 WL 6219812, at *3–4. Without more, the Court is unable to determine whether it can properly enter a valid default judgment against Defendant. *See BSG Clearing Sols.*

*N. Am., LLC*, No. SA-17-CV-1097-XR, 2018 WL 6219812, at *4 (finding plaintiffs made a good-faith attempt to ascertain defendant LLC's citizenship by using internet search engines, news publications, public-electronic databases, publicly available electronic court filings and the potentially relevant Secretary of State websites) (quotations omitted).

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE** to refiling. Plaintiff is granted leave to file an amended motion for default judgment, supported by affidavit, detailing the good-faith efforts, if any, taken to determine the citizenship of Defendant and its members. This amended motion for default judgment should be filed no later than **April 22, 2024**.

It is so **ORDERED**.

**SIGNED** this 8th day of April, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE