IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE RANDALL POWERS COMPANY,<br>*Plaintiff*<br><br>-vs-<br><br>REYES AUTOMOTIVE GROUP II, LLC,<br>*Defendant* | §<br>§<br>§       SA-23-CV-01537-XR<br>§<br>§<br>§<br>§<br>§ |

### ORDER ON MOTION FOR ALTERNATE SERVICE

On this date, the Court considered Plaintiff's Motions for Additional Time and for Leave to Effect Alternate Service on Defendant Reyes Automotive Group. ECF Nos. 25, 26. After careful consideration, the motions are **GRANTED**.

### BACKGROUND

On December 19, 2023, Plaintiff filed its Complaint, seeking monetary damages for breach of contract against its former client, Defendant Reyes Automotive Group, arising from Defendant's alleged failure to pay for consulting and process improvement related services. ECF No. 1 at 1.

Defendant did not appear, so Plaintiff moved for Entry of Default and Default Judgment. ECF No. 7, 12. But after Magistrate Judge Bemporad issued a Report and Recommendation on Plaintiff's Motion for Default Judgment on January 21, 2025, ECF No. 21, Defendant moved to set aside the Clerk's Entry of Default based on improper service and dismiss Plaintiff's complaint. ECF No. 24. This Court granted Defendant's motion to set aside the Entry of Default as service was improper under Fed. R. Civ. P. 4(h)(1)(B), denied the motion to dismiss, and ordered Plaintiff to properly serve Defendant within 30 days of the order. February 5, 2025, Text Order.

1

Plaintiff then reached out to Defendant's counsel, Christopher A. Wright, who filed the Motion to Set Aside the Clerk's Entry of Default, to see if he would accept service. ECF No. 26-2. Mr. Wright said no. *Id.* Plaintiff's process server has since made five unsuccessful attempts to serve Fernando Reyes, who is the registered agent listed on file with the Texas Secretary of State. ECF No. 26–3 at 3.

**Registered Agent's Residence.** On February 15, 2025, he went to Mr. Reyes' residence located at 20015 Hickory Bend, San Antonio, 78266, waited for four hours, but did not see Mr. Reyes or his vehicle. ECF No. 26-4 at 2. The next day, he went back to the residence, but again did not see Mr. Reyes or his vehicle for three hours. *Id.*

**Registered Agent's Office.** On February 17, 2025, he went to 1 Lone Star Pass, Building 28, San Antonio, Texas, the registered agent's office address listed with the Texas Secretary of State. *Id.* Again, neither Mr. Reyes nor his vehicles were found. *Id.* On February 25, 2025, he again went to the lobby of 1 Lone Star Pass and spoke with "Jay," who informed him that Mr. Reyes does not work or office at that location, and rarely visits it. He circled the parking lot but did not see Mr. Reyes' vehicles. *Id.* Finally, on February 27, 2025, he went to the warehouses at 1 Lone Star Pass—Building 28—and informed security had had a federal summons for Mr. Reyes, but was denied access. *Id.* He was advised by a Plant Manager, Ivan Saucedo, that Mr. Reyes does not work at this location. *Id.* Mr. Saucedo took his name and phone number and said he would pass it along to Mr. Reyes, but after waiting in the reception area for two hours, did not receive a call back and left. *Id.*

Plaintiff now moves for extension of time to perfect service and substituted service on the Texas Secretary of State under Tex. Bus. Org. Code § 5.251(1)(B), with an email copy to Reyes' counsel of record, Chirstopher A. Wright.

**ANALYSIS**

I. **Legal Standard**

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Under Texas law, a limited liability company is defined as a "filing entity" and thus required to "designate and continuously maintain" both a "registered agent" and a "registered office" in the state. Tex. Bus. Orgs. Code §§ 1.002(22), 5.201(a). The registered agent is "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity," *id.* § 5.201(b)(1), and the registered office is the address "where process may be personally served on the entity's registered agent," *id.* § 5.201(c)(1). The entity must "notify the Secretary of State of any change of registered agent or address." *Little v. D & D Helping Others, Inc.*, No. H-06-3295, 2008 WL 4525398, at *3 (S.D. Tex. Oct. 2, 2008) (citing Bus. Orgs. §§ 5.201–02). If a filing entity fails to maintain a registered agent in Texas or the registered agent cannot be found at the registered office through the exercise of reasonable diligence, a plaintiff may serve the Texas Secretary of State instead. *See* Bus. Orgs. § 5.251; *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 F. App'x. 383, 385 (5th Cir. 2016) (per curiam). "Under Texas law,

reasonable diligence is established by one attempt to serve the registered agent at the corporation's registered address." *Little*, 2008 WL 4525398, at *3.

II. **Analysis**

Section 5.251 applies here. Defendant is a filing entity. And Plaintiff's process server sought to serve Defendant's registered agent at the registered office address twice but was informed that the agent did not work or office at that location, and rarely came there. As a "single attempt suffices to establish reasonable diligence," *G&G Closed Circuit*, 2022 WL 22869762, at *2, Plaintiff's *three* attempts do as well. Plaintiff also made two attempts to serve Defendant at the registered agent's personal address, "even though this effort was not required." *Id.*

Thus, the Court finds that Plaintiff exercised "reasonable diligence," which permits Plaintiff to effect service on the Secretary of State according to Section 5.251.[1]

## CONCLUSION

For these reasons, Plaintiff's Motions for Additional Time to Perfect Service (ECF No. 25) and for Leave to Effect Alternate Service (ECF No. 26) are **GRANTED**. Plaintiff is **ORDERED** to file proof of such service with the Court on or before **March 25, 2025**.

It is so **ORDERED**.

---

[1] The Court notes that a motion may not be necessary under these circumstances, given that substituted service through the Secretary of State is governed by Section 5.251. *See Legends Landscapes LLC v. Brown*, No. 6-13-129-CV, 2014 WL 1260624, at *5 n.6 (Tex. App.—Texarkana Mar. 27, 2014, no pet.) ("Because Section 5.251 is an independent statute that provides for substituted service, no motion for substituted service pursuant to Rule 106 of the Texas Rules of Civil Procedure is required."). In any event, leave under Texas Rule of Civil Procedure 106 would be proper as well, as Plaintiff's Motion is supported by a sworn affidavit demonstrating diligent efforts to serve Defendant. ECF No. 26-4. *See G&G Closed Circuit Events*, 2022 WL 22869762, at *3 (questioning whether a motion for leave to serve is necessary under Section 5.251, but analyzing whether Plaintiff met the higher Rule 106 standard regardless).

**SIGNED** this 4th day of March, 2025.

                                                                                              _____
                                                                                              XAVIER RODRIGUEZ
                                                                                              UNITED STATES DISTRICT JUDGE